**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| HELFERICH PATENT LICENSING, LLC,   ) | |
|   ) | |
| Plaintiff,   ) | Civil Action No.: 1:11-cv-07395 |
| v.   ) | |
| G4 MEDIA, LLC,   ) | **JURY TRIAL DEMANDED** |
| Defendant.   ) | |

**DEFENDANT G4 MEDIA, LLC'S ANSWER, DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND**

Defendant G4 Media, LLC ("G4") answers the Complaint of Helferich Patent Licensing,

LLC ("HPL") as follows:

**NATURE OF THE ACTION**

1.      G4 admits the allegations of Paragraph 1.

**JURISDICTION AND VENUE**

2.      G4 admits that it does business in the State of Illinois and in this District.  Except

as so admitted, G4 otherwise denies the allegations of paragraph 2.  G4 further denies that it

maintains contacts within the jurisdiction of the Court sufficient to confer general jurisdiction.

3.      G4 admits that venue is permitted in this judicial district at the present time

pursuant to 28 U.S.C. § 1400(b), but denies that venue is "appropriate."  G4 further denies that it

has caused infringing messages to be sent to anyone, including residents of this State and

District.

**PLAINTIFF**

4.      G4 lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis denies them.

5.      G4 admits that U.S. Patent No. 7,835,757 ("the '757 patent") is entitled "System and Method For Delivering Information To a Transmitting and Receiving Device" and that it purports to have been issued by the U.S. Patent and Trademark Office ("PTO") on November 16, 2010.  G4 lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 5, and on that basis denies them.

6.      G4 denies the allegations of Paragraph 6 of the Complaint.  G4 denies that the '757 patent describes "methods and systems relating to wireless messaging to mobile devices." As described in the specification and prosecution history of the '757 patent, and as further described in the context of the PTO's reexamination, the '757 patent describes and claims an extremely limited method requiring a user of a mobile handset to perform a specific set of tasks in order to be able to access specific types of information on a handset.  Further, in reexamination proceedings, the PTO has rejected the notion that the '757 patent claims "relate to, among other things, the transmission of notification messages to mobile devices that include identifiers (such as a URL) that identify content available for download, including for example, identifiers that are received from an identification service such as a link shortening service."  For example, a resource identifier from a "link shortening service" is unquestionably disclosed in prior art that the PTO has relied on to reject claims of the '757 patent.  To overcome such prior art, HPL has been forced to amend its claims to require that an identifier "establish[] to the recipient the address of the particular system to which to respond."  *See* Advisory Action, App./Control No. 90/009,882, Oct. 21, 2011 at 9.  G4 also denies that the "examples" of allegedly infringing activities in Paragraph 6 meet the limitations of the '757 patent claims.

7.      G4 admits that U.S. Patent No. 7,499,716 ("the '716 patent") is entitled "System and Method For Delivering Information To a Transmitting and Receiving Device" and purports

to have been issued by the PTO on March 3, 2009. G4 lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 7, and on that basis denies them.

8.       G4 denies the allegations of Paragraph 8 of the Complaint. G4 denies that the '716 patent "describes methods and systems that relate to wireless messaging to mobile devices." As described in the specification and prosecution history of the '716 patent, and as further described in the context of the PTO's reexamination, the '716 patent describes and claims an extremely limited system and method requiring a user of a mobile handset to perform a specific set of tasks in order to be able to access specific types of information on a handset. During ongoing PTO reexamination of the '716 patent, the PTO has required HPL to make a series of amendments to narrow the scope of the claims of the '716 patent, and to disclaim the broad scope that HPL attempts to ascribe to the claims in Paragraph 8 and in correspondence with HPL's targets (including G4, as shown in Exhibit 1 hereto). G4 also denies that the "examples" of allegedly infringing activities in Paragraph 6 meet the limitations of the '716 patent claims. G4 further notes that, during ongoing reexamination of the '716 patent by the PTO, HPL made amendments to many claims of the '716 patents to further limit those claims.

9.       G4 admits that U.S. Patent No. 7,280,838 ("the '838 patent") is entitled "Paging Transceivers and Methods For Selectively Retrieving Messages" and purports to have been issued by the PTO on October 9, 2007. G4 lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 9, and on that basis denies them.

10.      G4 denies the allegations of Paragraph 10 of the Complaint. G4 denies that the '838 patent "includes claims that relate to, among other things, the transmission of notification messages to mobile devices that include identifiers (such as a URL) that identify content available for download. G4 also denies that SMS or MMS messages that include a URL in the message are "examples" that will infringe the claims of the '838 patent. G4 notes that the PTO

is reexamining the '838 patent, and that none of the claims of the '838 patent have been confirmed.

11.     G4 is informed and believes, and therefore admits, that on July 14, 2010, HPL filed suit against New York Times Company asserting infringement of the '757, '716, and '838 patents, that The New York Times sought *ex parte* reexamination of those patents, and that the PTO found The New York Times raised substantial questions of patentability concerning the three patents.  G4 is aware that the PTO has issued a Notice of Intent to Issue Reexamination Certificate of the '716 patent, and that HPL was forced to amend and narrow a substantial majority of the original invalid claims of the '716 patent.  G4 is aware that only six of the original claims of the '757 patent were confirmed in reexamination.   Except as so admitted, G4 lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies the allegations.

12.     G4 is informed and believes that HPL has asked the PTO to withdraw at least two of the patent applications identified by HPL in paragraph 12 from issue.  G4 lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and on that basis denies them.  If and when any of the patent applications HPL references in Paragraph 12 do ever issue, G4 anticipates opposing any effort to amend the Complaint to add allegations of any allowed claims.

13.     G4 is informed and believes that HPL has licensed the patents-in-suit, and other patents, based on an established royalty, which would establish a cap on any potential liability for G4 under 35 U.S.C. section 284.  G4 otherwise lacks information sufficient to form a belief concerning the truth of the allegations of paragraph 13, and on that basis denies the allegations.

## The Defendant

14.     G4 admits the allegations of Paragraph 14, except denies that it "purposefully directs" any "infringing activities … to residents of this State and District" in any way.

4

15.     G4 denies the allegations of Paragraph 15 and its sub-paragraphs.  G4 notes that the allegations of Paragraph 15 mis-read the claims of the patents-in-suit, particularly given the narrow scope afforded to the '757 and '716 patents in the course of reexamination of those patents by the PTO.

16.     G4 admits that it received a letter dated May 27, 2011 from Steven G. Lisa with the subject line "Helferich Patent Portfolio Related to Wireless Content Provision," which G4 attaches hereto as Exhibit 1. G4 denies that the letter referenced in Paragraph 16 provided an accurate description of the claims of the '716, '838, or '757 patent.  G4 further denies that anything in the letters demonstrated any infringement of the claims of those patents, and also denies that any of the letters included charts.  G4 notes that the claims of the '716 and '757 patents have been substantially amended during the PTO's ongoing reexamination of that patent, and further notes that the claims of the '838 patent are still undergoing reexamination by the PTO, and so the correspondence referenced in paragraph 18 of the complaint cannot act as notice sufficient to trigger the provisions of 35 U.S.C. sections 284 paragraph 2 or 285.

17.     G4 denies the allegations of Paragraph 17.

18.     G4 denies the allegations of Paragraph 18.

19.     G4 denies the allegations of Paragraph 19, except that it has not taken a license to the patents-in-suit because G4 is not infringing any valid claim of the patents-in-suit.

20.     G4 denies the allegations of Paragraph 20.

21.     G4 denies the allegations of Paragraph 21, except that it denies it infringes any valid claim of the patents-in-suit, and has not taken a license to the patents-in-suit for that reason, among others.

22.     G4 admits that Bravo Media, LLC received a letter from Steven G. Lisa in November 2010 with the same subject line as the correspondence referenced in paragraph 16 above.  Except as so admitted, Bravo denies the allegations of Paragraph 22.

## COUNT I

### (Alleged Infringement of U.S. Patent No. 7,835,757)

23.     G4 incorporates by reference its answer to Paragraphs 1-22 of the Complaint and re-alleges those allegations in response to Paragraph 23.

24.     G4 denies the allegations of Paragraph 24.

25.     G4 denies the allegations of Paragraph 25.

26.     G4 denies the allegations of Paragraph 26.

27.     G4 denies the allegations of Paragraph 27.

28.     G4 denies the allegations of Paragraph 28.  G4 notes that the PTO ordered reexamination of the '757 patent based on substantial questions concerning the patentability of its claims, and further notes its conduct, including but not limited to requesting in good faith the *inter partes* reexamination of the '757 patent by the PTO (which G4 intends to revise based on the PTO's guidance and re-file if and when a reexamination certificate issues for the '757 patent), establishes as a matter of law that its actions are not willful.

29.     G4 denies the allegations of Paragraph 29.

## COUNT II

### (Alleged Infringement of U.S. Patent No. 7,499,716)

30.     G4 incorporates by reference its answer to Paragraphs 1-22 of the Complaint and re-alleges those allegations in response to Paragraph 30.

31.     G4 denies the allegations of Paragraph 31.

32.     G4 denies the allegations of Paragraph 32.

33.     G4 denies the allegations of Paragraph 33.

34.     G4 denies the allegations of Paragraph 34.

35.     G4 denies the allegations of Paragraph 35.  G4 notes that the PTO ordered reexamination of the '716 patent based on substantial questions concerning the patentability of its claims, and further notes its conduct, including but not limited to requesting in good faith the *inter partes* reexamination of the '716 patent by the PTO (which G4 intends to revise based on the PTO's guidance and re-file if and when a reexamination certificate issues for the '716 patent), establishes as a matter of law that its actions are not willful.

36.     G4 denies the allegations of Paragraph 36.

## COUNT III

### (Alleged Infringement of U.S. Patent No. 7,280,838)

37.     G4 incorporates by reference its answer to Paragraphs 1-22 of the Complaint and re-alleges those allegations in response to Paragraph 37.

38.     G4 denies the allegations of Paragraph 38.

39.     G4 denies the allegations of Paragraph 39.

40.     G4 denies the allegations of Paragraph 40.

41.     G4 denies the allegations of Paragraph 41.

42.     G4 denies the allegations of Paragraph 42.  G4 notes that the PTO has ordered the reexamination of the '838 patent based on substantial questions of patentability concerning the claims of that patent (including the asserted claim), and so G4's actions cannot be willful as a matter of law.

43.     G4 denies the allegations of Paragraph 43.

## PRAYER FOR RELIEF

G4 denies that HPL is entitled to any of the relief HPL seeks in its Prayer for Relief, and further denies that HPL is entitled to any injunction given its status as a non-practicing entity.

## DEFENSES

Without altering the burdens of proof, G4 asserts the following affirmative and other defenses against HPL:

### FIRST DEFENSE
### (INVALIDITY)

1.      The asserted claims of the patents-in-suit are invalid for failing to meet one or more of the requisite statutory and/or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 101, 102, 103, 112, and 116.  The PTO's *ex parte* reexamination of the '757, '716, and '838 patents is ongoing, which counsels in favor of a stay of this action pending reexamination in order to address the invalidity of the asserted claims.  If and when a reexamination certificate issues with respect to any of the '757, '716, and '838 patents, G4 intends to immediately file a request for the PTO to conduct an *inter partes* reexamination of the '757, '716, and '838 patents based on guidance set forth by the PTO in the context of the ongoing *ex parte* reexaminations, which further counsels in favor of a stay of this action pending reexamination in order to address the invalidity of the asserted claims.

### SECOND DEFENSE
### (NON-INFRINGEMENT)

2.      HPL is not entitled to any relief against G4 because G4 does not infringe and has not infringed, directly or indirectly, any valid claim of the patents-in-suit.

### THIRD DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

3.      Prosecution history estoppel bars HPL from proving infringement of any valid claim of the patents-in-suit under the doctrine of equivalents.  HPL is estopped from construing any valid claim of the patents-in-suit in such a way that may cover G4's activities by reason of statements made to the PTO during the prosecution of the applications that issued as the patents-in-suit, and during reexamination proceedings for the '757, '716, and '838 patents.

**FOURTH DEFENSE**
**(NO INTENT TO INDUCE INFRINGEMENT)**

4.        G4 lacked and lacks any specific intent to infringe any claim of the patents-in-suit, thereby foreclosing liability for inducement of infringement.

**FIFTH DEFENSE**
**(INJUNCTIVE RELIEF NOT AVAILABLE)**

5.        Neither preliminary nor permanent injunctive relief are available to HPL under the legal standards for injunctions, and a compulsory licenses would be legal error, because, among other things, HPL cannot show irreparable harm, and the balance of hardships and public interest do not favor an injunction in this case. *See eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**SIXTH DEFENSE**
**(FAILURE TO MARK)**

6.        HPL's right to seek damages and costs is limited pursuant to 35 U.S.C. § 287. G4 is informed and believes, and thereupon alleges, that HPL's licensees failed to mark allegedly patented systems and system components with the patents-in-suit.

**SEVENTH DEFENSE**
**(LIMITATIONS ON DAMAGES)**

7.        HPL's right to seek damages and costs is limited pursuant to 35 U.S.C. § 286. HPL's right to seek damages and costs is further limited for any alleged infringement of claims of the '757, '716, and '838 patents that were or are amended and that issue under a reexamination certificate; HPL cannot seek damages for such claims prior to the date of the reexamination certificate.

**EIGHTH DEFENSE**
**(EQUITABLE DEFENSES)**

8.        HPL is barred by the doctrines of estoppel, laches, unclean hands, waiver and/or other applicable equitable doctrines.

## NINTH DEFENSE

## (INTERVENING RIGHTS)

9.      The doctrine of intervening rights bars liability based on G4's activities after issuance of a reexamination certificate for the '757, '716, and/or '838 patents with respect to any claim amended by HPL in the course of reexamination by the PTO of those patents where G4 is merely continuing the use of systems and methods that pre-date the reexamination certificate.

## TENTH DEFENSE

## (PATENT EXHAUSTION AND/OR FIRST SALE)

10.     HPL's claims of patent infringement against G4 relating to the transmission of messages to mobile devices are barred by the doctrine of patent exhaustion and/or by the first sale doctrine based on the licenses, between HPL and mobile device or mobile device software companies and others, including but not limited as alleged in paragraph 13 the complaint.

## COUNTERCLAIMS

For its Counterclaims, Defendant and Counterclaimant G4 alleges against Plaintiff and Counterclaim Defendant HPL as follows:

## PARTIES

1.      G4 is a Delaware Limited Liability Company with its principal place of business in Los Angeles, California.

2.      Based on the allegations of HPL's Complaint, G4 is informed and believes, and thereupon alleges, that HPL is a Limited Liability Company with its principal place of business in this District.

## JURISDICTION AND VENUE

3.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202 of non-infringement and invalidity of the patents-in-suit under the United States patent laws, 35 U.S.C. §§ 101 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c).

## GENERAL ALLEGATIONS

5.      On October 18, 2011, HPL filed suit against G4, claiming infringement of the patents-in-suit.

6.      A justiciable controversy exists between HPL and G4 concerning the non-infringement and invalidity of the patents-in-suit.

## FIRST COUNTERCLAIM
## (NON-INFRINGEMENT OF THE PATENTS-IN-SUIT)

7.      G4 refers to and incorporates by reference Paragraphs 1-6 of its Counterclaims as though fully set forth herein.

8.      G4 has not and is not now infringing, directly or indirectly, the claims of the patents-in-suit asserted by HPL against G4 (the '757, '716, and '838 patents).

9.      G4 is entitled to a declaratory judgment that G4 does not infringe the asserted claims of the patents-in-suit.

## SECOND COUNTERCLAIM
## (INVALIDITY OF THE PATENTS-IN-SUIT)

10.     G4 refers to and incorporates by reference Paragraphs 1-6 of its Counterclaims as though fully set forth herein.

11.     The asserted claims of the patents-in-suit are invalid for failing to meet one or more of the requisite statutory and/or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 101, 102, 103, 112, and 116.

12.     If any of the asserted claims survive reexamination by the PTO, G4 is entitled to a declaratory judgment that the asserted claims of the patents-in-suit are invalid based on sections 101, 102, 103, 112, and 116 of Title 35 of the United States Code that the PTO cannot consider in the context of reexamination (since a reexamination proceeding is limited to consideration of prior art patents and printed publications).

## PRAYER FOR RELIEF

13.     Wherefore, G4 prays for judgment that:

A.     HPL's Complaint against G4 be dismissed in its entirety with prejudice;

B.     HPL is not entitled to the relief prayed for from G4 in its Complaint, or to any relief from G4 whatsoever;

C.     The '757 patent has never been, and is not now, infringed by G4 or by any other person using G4's services in this District or anywhere else in the Unites States;

D.     The '757 patent is invalid, unenforceable, and void against G4;

E.     The '716 patent has never been, and is not now, infringed by G4 or by any other person using G4's services in this District or anywhere else in the Unites States;

F.     The '716 patent is invalid, unenforceable, and void against G4;

G.     The '838 patent has never been, and is not now, infringed by G4 or by any other person using G4's services in this District or anywhere else in the Unites States;

H.     The '838 patent is invalid, unenforceable, and void against G4;

I.     G4 be awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

J.     G4 be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), G4 demands a trial by jury on all issues so triable.

Respectfully Submitted,

DATED: December 2, 2011          By_____/s/ *Michael M. Markman*_____

Michael M. Markman (N.D. Ill. ID No. 191388)
Robert Williams (N.D. Ill. ID No. 247428)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA  94111
T: (415) 591-6000
F: (415) 591-6091

David M. Airan
Leydig, Voit & Mayer, Ltd.
180 N. Stetson Avenue, Suite 4900
Chicago, IL 60601-6731
T: (312) 616-5600
F: (312) 616-5700

*Attorneys for Defendant G4 Media, LLC*

<u>CERTIFICATE OF SERVICE</u>

I, Michael M. Markman, an attorney, do hereby certify that I electronically filed DEFENDANT G4 MEDIA, LLC'S ANSWER, DEFENSES, COUNTERCLAIMS, AND JURY DEMAND on December 2, 2011 with the Clerk of the Court using the electronic case filing system and all counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule 5.9.

DATED:  December 2, 2011                 By_____/s/ *Michael M. Markman*_____